UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JAVIER MONGE

        Plaintiff,                              CASE NO.:19-cv-0451(SJF/ARL)

v.

405 HOTEL LLC

        Defendant.
------------------------------------------------------------x

**PLAINTIFF'S AFFIRMATION IN RESPONSE TO ORDER TO SHOW CAUSE**

      Javier Monge ("Plaintiff"), by his undersigned counsel, hereby files this Affirmation in response to this Court's December 6, 2019 Order to Show Cause [ECF No. 22] why sanctions, including the dismissal of this action in its entirety with prejudice, should not be imposed for failure to appear at the pre-trial status conference on 12/5/2019, and respectfully states, under penalty of perjury as follows:

      1. Plaintiff's "failure" to appear at the December 5, 2019 conference was a direct result of defense counsel's clear and unequivocal statements to the undersigned that she would not be appearing at the conference and would not be notifying the court, as she was having "technical difficulties."  I advised her that although I would consent to a brief adjournment, I would not make a request for her, and requested that she contact the court herself and explain the situation.  I refused to make the request for her because I had already made several requests for adjournments on behalf of the Defendant.  Defense counsel never contacted the Court, and to date has yet to

16

address her failures to appear and to make *any* effort to seek an adjournment. The emails from defense counsel are attached as **Exhibit A.**

2. The day before the conference, I became concerned that defense counsel had not yet sought an adjournment. I considered appearing with my client anyway, but believed that the Court would not issue a default against the Defendant for its failure to appear, but would simply adjourn the conference to a later date, forcing my wheelchair bound client to make multiple court appearances.

3. Instead, I once again wrote a letter to the court seeking an adjournment on Defendant's behalf, recounting the history of the case, and requesting that Plaintiff's inability to appear for a conference not reflect negatively on him or me. (ECF No 19) In response, the Court issued an Order to Show Cause why the court should not dismiss Plaintiff's case for his "failure" to appear at the conference.

3. The Plaintiff has appeared in multiple cases in the Eastern and Southern districts including the following: *Monge v. Snowcap*, LLC 13-cv-0186 (SDNY 2013); *Monge v. LX Avenue Bagels, Inc*. 15-cv-7645 (SDNY 2015); *Monge v. Lambert Houses Redevelopment Co.* 15-cv-0086 (SDNY 2015), and; *Monge v. Gould Long Island City Corp.* 9-cv-4455 (EDNY 2009). The Plaintiff appeared at settlement conferences in the above matters without seeking any adjournments, ready and willing to discuss the matters and ultimately settle them either during the proceeding or shortly thereafter.

4. The Court has directed Plaintiff to address his "failure" to comply with the June 25, 2019 minute Order. Plaintiff thoroughly addressed this issue in his December 4 letter (ECF No.

16

19). However, he will reiterate, once again, the history of this case, which is also made clear by the record.

3. On June 25, 2019, the Parties appeared via telephone for a scheduled settlement conference. Rather than holding a conference, the Court ordered the Parties to appear in person on September 10, 2019, and further ordered that Plaintiff appear to be questioned by the court regarding "his 40 prior cases." The court stated that it did not believe that Mr. Monge had any intention of "following-up" on any of these matters, and that Plaintiff's counsel was bringing these cases "solely for legal fees." This conference was not on the record, and the undersigned has used her contemporaneous notes to describe what occurred.

4. On September 6, 2019, I received a phone call from Defendant's prior counsel, Douglas Martino, who stated that the Defendant had fired him, that Defendant would not be appearing at the September 10 conference, and that it was his understanding of the June 25 Order that only the Plaintiff was required to appear in person at the conference. Finally, he stated that he was travelling and would not be able to notify the Court in writing of anything. Indeed, Mr. Martino did not file a motion to withdraw as counsel for over a month.

5. After my phone conversation, I wrote the court and requested an adjournment until Defendant's representation issues were sorted out. (ECF No. 12) I expected that the Court would issue an Order to Mr. Martino to file a motion to withdraw by a certain date, but instead, the conference was merely adjourned to October 9, 2019, and the issue of Mr. Martino's abrupt and unexplained departure was not addressed.

6. In late September, Eryca Kadosh, principal of the Defendant, sent me an email stating that she could not appear at the conference on October 9 because it was *Yom Kippur*, and asking if

16

I would agree to adjourn it.  I agreed to do her this favor, as it was a major holiday, and advised that if she had any other questions regarding this case that do not involve a resolution, that she contact the court herself.  The emails exchanged with Mrs. Kadosh are attached as **Exhibit B**.

7. Thus, on September 26, I requested an adjournment on behalf of all Parties on the ground that it was *Yom Kippur*. (ECF No. 13)  I also reminded the Court that Mr. Martino had yet to notify the court of his withdrawal.  On September 27, the Court adjourned the conference to October 23, but did not address the fact that Defendant had no counsel and that Mr. Martino had not yet filed any motion to withdraw.

8. On October 7, Mr. Martino finally filed a Motion to Withdraw as Counsel. (ECF No. 14) Magistrate Judge Arlene R. Lindsay denied this motion and ordered him to re-file by a certain date. She further ordered that Defendant could not appear without counsel since it is an LLC.   Finally, she gave Defendant until November 22 to obtain new counsel or face a default. (ECF No. 15)

9. On October 17, in light of Magistrate Judge Lindsay's clear Order, I wrote to the court again asking that the October 23 conference be adjourned until a date after November 22 to determine whether Defendant would obtain new counsel or default. (ECF No. 17) The conference was adjourned to December 5.

10. On November 22, Susan N. Persaud filed a Notice of Appearance on behalf of Defendant.  I had assumed at this point that the conference would finally proceed.  Instead, I received the communication from Ms. Persaud previously described and reflected in the emails attached in **Exhibit A.**

16

11. Mr. Monge will be appearing in court on January 6, 2020 regardless of any further communications from the Defendant or the court, unless he receives a direct Order not to appear. If the Court has further questions regarding his inability to appear previously for the long awaited conference, it will have the opportunity to ask him directly.

12. Sanctions against the Plaintiff, including the draconian sanction of dismissal, are not warranted in light of the record, and their imposition would be an abuse of discretion.

WHEREFORE, Plaintiff respectfully requests that the Court refrain from dismissing this action or imposing any other sanctions.

DATED this 19th day of December 2019.

            Respectfully submitted,

            */s/ Jennifer E. Tucek, Esq.*
            Law Office of Jennifer Tucek, PC
            *Attorney for Plaintiff*
            Bar No. JT2817
            315 Madison Avenue, #3054
            New York, N.Y. 10017
            (917) 669-6991
            TucekLaw@Gmail.com