UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAVIER MONGE,

                                                                                                19-CV-0451 (SJF)

                              Plaintiff,

      -against-

405 HOTEL LLC,

                              Defendant.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**


Dated:  Garden City, New York
          July 22, 2020

                                                Respectfully submitted,

                                                /s/ *Susan N. Persaud*
                                                LAW OFFICE OF SUSAN N. PERSAUD, PLLC
                                                By: Susan N. Persaud, Esq.
                                                *Attorney for Defendant*
                                                320 Old Country Road, Suite 202
                                                Garden City, NY 11530
                                                (516) 414-4911


**To: (VIA ECF)**
Jennifer E. Tucek, Esq.
LAW OFFICE OF JENNIFER E. TUCEK, P.C.
Attorney for Plaintiff
315 Madison Avenue, Suite 3054
New York, NY 10017
Tel. (917) 669-6991

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES …………………………………………………………...3-4

PRELIMINARY STATEMENT……………………………………………………….5

FACTUAL BACKGROUND…………………………………………………………..5

PROCEDURAL HISTORY……………………………………………………………6

ARGUMENT…………………………………………………………………………..7

CONCLUSION……………………………………………………………………….14

# TABLE OF AUTHORITIES

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1976)……………………………………………….7

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)……………………………………………….....7

*Chance v. Armstrong*, 143 F. 3d 698, 701 (2d Cir. 1998)…………………………………...7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)………………………………………………...7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)………………………………………7

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)……………………….…7

*Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993)……………………….…8

*Richcourt Euro Strategies, Inc. v. Soundview Capital Mgmt.*, 594 B.R. 108, 138 (S.D.N.Y. 2018)…………………………………………………………………………………………8

*Mercator Corp. v. Windhorst*, 159 F. Supp. 3d 463, 471 (S.D.N.Y. 2016)……………….…8

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)…………………………………10

*Panarese v. Sell It Soc., LLC*, 2020 U.S. Dist. LEXIS 119002, No. 19-CV-3211 (E.D.N.Y. July 2020)……………………………………………………………………………………..10

*Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013)…………………..10

*Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 71 (2d Cir. 2011)……………………..10

*Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)……………………………10

*Disabled in Action of Metropolitan New York v. Trump Int'l Hotel & Tower*, No. 01-CV-5518 at 7 (S.D.N.Y 2003)……………………………………………………………………….....11

*Feltzin v. 183 South Wellwood Ave. Corp.*, 2017 U.S. Dist. LEXIS 181273, No. 16-CV-5387 (October 25, 2017)………………………………………………………………………….11

*Laufer v. 1110 Western Albany, LLC, and Ryan L.L.C.*, No.: 1:19-CV-01324 (N.D.N.Y May 8, 2020)………………………………………………………………………………………..11

*Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)……………………………………..13

*Diaz v. Lobel's of N.Y., LLC*, 2019 U.S. Dist. LEXIS 127126, No. 16-CV-6349 (E.D.N.Y. July 30, 2019)…………………………………………………………………………………..13

*Bacon v. Walgreen Co.*, 91 F.Supp.3d 446, 451 (E.D.N.Y 2015)……………………….13

*Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996)…………………………….13

**PRELIMINARY STATEMENT**

Defendant files the instant motion seeking dismissal of Plaintiff's action in it entirety for failure to state a claim upon which relief may be sought, standing, and for failure to name a necessary and proper party.

**FACTUAL BACKGROUND**

Plaintiff, JAVIER MONGE (hereinafter referred to as "Plaintiff"), a "serial" ADA litigant, who has previously filed thirty-nine (39) other ADA actions within the Eastern District, brought the instant action against Defendant 405 HOTEL LLC (hereinafter referred to as "Defendant"), seeking injunctive relief and attorney's fees in connection with the allegation that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 1218 ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter referred to has "ADAAG"). *See* Plaintiff's Complaint, ECF Document No. 1.

Plaintiff, who resides in the Bronx, alleges that he is a disabled individual confined to a wheelchair who suffers from cerebral palsy. *See* Plaintiff' Complaint, ECF Document No. 1 at 10. Plaintiff further inaccurately alleges continuously that Defendant has control over the content of the Website with the domain name of https://www.tlongbeachhotelny.com (hereinafter referred to as the "website"). Plaintiff incorrectly alleges that Defendant owns and operates a hotel known as the Long Beach Hotel located at 405 East Broadway, Long Beach, NY. *Id*. at 9.

Plaintiff alleges that he visited the website, not for the intention of booking a room for a specified date, but rather "to learn about accessible features of Hotel common areas . . . guestrooms, and determine whether it is possible to reserve a guestroom that accommodates Plaintiff's disability needs." *Id*. at 11. The basis and crux of Plaintiffs claims stems from the

allegation, similar to his previously filed thirty-nine (39) other actions that the website he visited was not compliant with the ADA requirements, with no genuine intention to seek services. *See id*.

## PROCEDURAL HISTORY

On or about February 23, 2019, Plaintiff commenced this action by the filing of a Summons and Complaint seeking injunctive relief pursuant to 42 U.S.C., § 1281, and 28 C.F.R., Section 36 (ADAAG). On or about August 30, 2019, Defendant filed an Answer to the Complaint. *See* ECF Document No.: 8.

On numerous occasions, Jennifer Tucek and her client has neglected to appear at court scheduled conferences. Notably, after being court ordered to appear with counsel, Plaintiff JAVIER MONGE has failed appeared in court. To date, Ms. Tucek's client has not made an appearance in this action either telephonically or in person. Specifically, Ms. Tucek was ordered to appear in this action with her client or face sanctions on June 25, 2019, September 2019, January 2, 2020, February 13, 2020, and March 16, 2020. Defendant has made every effort to appear at each scheduled conference with its counsel.

On or about May 21, 2020, the parties engaged a court conference, at which Judge Feuerstein issued a briefing schedule for Defendant to submit its instant Motion to Dismiss and Plaintiff to submit its Motion to Amend. On or about June 22, 2020, Defendant requested an extension for time to file its Motion to Dismiss, which was granted. The Court issued an order granting Defendant's request and directing Defendant to file its instant Motion to Dismiss on July 23, 2020.

## ARGUMENT

I.     **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion dismiss examines the legal, not facual sufficiency of a complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1976), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). On a motion dismiss under Federal Rule of Civil Procedure 12(b)(6), "the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." *Chance v. Armstrong*, 143 F. 3d 698, 701 (2d Cir. 1998). It is well settled that under the Supreme Court standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

In reviewing a complaint, when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in the complaint as true and views the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in his or her favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In order to preclude dismissal of the complaint, Plaintiff must plead facts that are not conceivable but those facts that are plausible. *Twombly*, 550 U.S. at 570. The Supreme Court has ruled that "if a complaint allows a court to infer no more than the mere possibility of misconduct, the complaint has alleged – but it has not shown that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. The factual allegations of the complaint must be more than speculative, and show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation a cause of action's elements." *Twombly*, 550 U.S. at 555. Moreover, "the tenet that a court must accept as true of the allegations contained in a complaint is inapplicable to legal conclusions."

*Iqbal*, 556 U.S. at 678. In deciding such a motion, a court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matter of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

**II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF INCORRECTLY NAMED 405 HOTEL, LLC AS THE DEFENDANT.**

Defendant, 405 HOTEL, LLC, moves to dismiss this action pursuant to Fed. R. Civ. Pro. 12(b)(6) on the grounds that Plaintiff has incorrectly named 405 HOTEL, LLC as the defendant in this action. Plaintiff's complaint and proposed amended complaint, fails to state a claim upon which relief can be granted because, *inter alia*, it is asserted against the wrong party, namely, 405 HOTEL, LLC. *See Richcourt Euro Strategies, Inc. v. Soundview Capital Mgmt.*, 594 B.R. 108, 138 (S.D.N.Y. 2018). Courts have routinely, dismissed Complaints for failure to state a claim where the Plaintiffs have raised claims against an improper party to the action. *Mercator Corp. v. Windhorst*, 159 F. Supp. 3d 463, 471 (S.D.N.Y. 2016). *See* Kadosh Declaration, annexed hereto as **Exhibit A**.

Defendant submits that Plaintiff failed to properly name the owner and operator of the building in which Plaintiff alleges was in violation of the American with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 in his complaint. Plaintiff has *no good faith basis* to continue to include Defendant, who is an improper party as a named Defendant in the lawsuit. In Plaintiff's Complaint, he wrongfully alleges that Defendant is the owner and operator of the Long Beach Hotel, which is located at 405 East Broadway, Long Beach, NY, and maintains a website at https://www.tlongbeachhotelny.com and did so for an entire year. *See*, a copy of the Complaint, Document No. 2 on ECF.

Defendant submits, and Plaintiff fails to provide any evidence to the contrary, that Defendant 405 HOTEL, LLC is not the owner and operator of the Long Beach Hotel, and that Defendant 405 HOTEL, LLC does not maintain a website at https://www.tlongbeachhotelny.com as the Complaint would suggest. Rather, Plaintiff inaccurately asserts that Defendant is the holder of a liquor license obtained through the State of New York. Defendant does not hold and has never held a liquor license. Plaintiff has not authenticated this claim in order for this Court to give credit in the determination of this motion.

Defendant further submits that (1) Defendant 405 HOTEL, LLC, does not hold a liquor license; and (2) does not own, operate, or maintain a website. Notably, on May 21, 2020, Plaintiff filed a motion to amend the Caption to add the Long Beach Hotel, Inc., as a named defendant to the action, and asserts the very same boilerplate allegations as Plaintiff asserted against Defendant 405 HOTEL, LLC, the existence of which no longer exists. *See* **Exhibit A**; *see also* Plaintiff's Motion to Amend Complaint, ECF Document No.: 28-2. As conceded to by Plaintiff in his proposed Amended Complaint, the entity "Long Beach Hotel, Inc. has an ownership interest in the Hotel, and has control over the content of the Website, and the Third Party Sites" not the current defendant, 405 HOTEL, LLC. *See* Plaintiff's Motion to Amend Complaint, Proposed Amended Complaint, ECF Document No.: 28-2, at 10.

Accordingly, for the foregoing reasons, Defendant respectfully requests that the Court dismiss the action in its entirety, with prejudice, as against Defendant 405 HOTEL, LLC.

### III. PLAINTIFF LACKS STANDING.

Similar to Plaintiff's thirty-nine (39) previously filed actions in the Eastern District all alleging ADA violations, nothing contained in this complaint indicates that Plaintiff has standing. There are no facts alleged in the complaint or in Plaintiff's affidavit indicating that he has ever

9

traveled to Long Beach, Nassau County, New York, or that he has any reason to travel anywhere in Long Beach or any reason to seek lodging in Long Beach, New York. Plaintiff has no discernible ties to Long Beach, New York as he is a resident of Bronx County and was simply "perusing" any random website not owned by the Defendant; thus, Plaintiff had no genuine intent to stay in Long Beach, New York for any reason.

Standing is an "irreducible constitutional minimum." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Even in cases where a defendant has not challenged the plaintiff's standing the court must evaluate whether plaintiff has standing to file suit. *Panarese v. Sell It Soc., LLC*, 2020 U.S. Dist. LEXIS 119002, No. 19-CV-3211 (E.D.N.Y. July 2020). In order to properly invoke the jurisdiction of the federal courts, "a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by establishing that he or she has standing to sue at each stage of the litigation. *Id*.

In order to establish standing, a plaintiff must prove the following: (1) injury in fact, which must be a (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013). To establish standing in an ADA suit seeking injunctive relief for lack of access to a public accommodation, a plaintiff must allege: (1) past injury under the ADA; (2) show that it is reasonable to infer from his or her complaint that his discriminatory treatment will continue; and (3) show that it is also reasonable to infer, based on the past frequency of his or her visits and the proximity of the public accommodation to his or her home, that he or she intends to return to the public accommodation in the future. *Panarese*, at 5 (E.D.N.Y. July 2, 2020) *citing Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 71 (2d Cir. 2011) (quoting *Camarillo v. Carrols Corp.*, 518

F.3d 153, 158 (2d Cir. 2008). In applying this standard, courts have recognized a concrete and imminent injury, warranting injunctive relief, where plaintiffs allege actual knowledge of barriers impeding access and a "plausible intention or desire to return to the place but for the barriers to access." *Disabled in Action of Metropolitan New York v. Trump Int'l Hotel & Tower*, No. 01-CV-5518 at 7 (S.D.N.Y 2003). Although to establish a desire to return does not require plaintiff to allege or a date, courts have held that other factors such as plaintiff living in the vicinity, or his family residing within the vicinity was sufficient to establish a desire to return. *Feltzin v. 183 South Wellwood Ave. Corp.*, 2017 U.S. Dist. LEXIS 181273, No. 16-CV-5387 (October 25, 2017).

Recently, the Honorable Brenda K. Sannes, a United States District Court Judge for the Northern District of the New York, issued an order *sua sponte*, on May 8, 2020, directing the plaintiff to submit a brief addressing whether plaintiff had standing to sue. *See Laufer v. 1110 Western Albany, LLC, and Ryan L.L.C.*, No.: 1:19-CV-01324 (N.D.N.Y May 8, 2020). In *Laufer*, the plaintiff, like the Plaintiff in this case, was a serial ADA litigant. *Id*. The plaintiff in that action had twenty-seven (27) other ADA actions that were before Judge Sannes. *Id*.; *see also Northern District of New York Orders Serial Plaintiff to Justify Standing in Over 27 Separate Hotel Reservations Website Lawsuits* by Seyfarth Shaw LLP, May 26, 2020, available at: https://www.adatitleiii.com/2020/05/northern-district-of-new-york-orders-serial-plaintiff-to-justify-standing-in-over-27-separate-hotel-reservations-website-lawsuits/. Judge Sannes's order resulted in the voluntary dismissal of the action, negating the requirement for Plaintiff to establish standing in each and every action involving ADA violations of hotel reservations websites.

Here, Plaintiff lacks standing to file suit in this action. Plaintiff's Complaint fails to allege sufficiently that there is exists an actual case and controversy such that there exists standing in this action. Specifically, Plaintiff lacks standing as he failed to plead an injury in fact which is

11

"concrete or particularized." Plaintiff's Complaint states that he casually "visited the [w]ebsite [was] to learn about accessible features of Hotel common areas, learn about accessible features of Hotel guestrooms, and [to] determine whether it is possible to reserve a guestroom that accommodates Plaintiff's disability needs." Plaintiff failed to plead that he had any intention to visit, that he had reason to seek accommodation, or that he was prevented from doing so. Plaintiff failed to plead an intended date or time which he intended to visit the hotel or a purpose for which he intended to visit the hotel. Defendant submits that Plaintiff lacked any reason or incentive to visit the hotel's website that he was browsing and was rather, searching for another possible lawsuit.

Furthermore, Plaintiff failed to establish that based on past visit frequency that he intended to visit the hotel or had ever visited the hotel located in Long Beach. Specifically, Plaintiff has not plead nor proven that he nor any of his family members live in Long Beach, let alone any town within Nassau County, Long Island. Notably, a brief review of his prior thirty-nine (39) previously filed actions stemming from 2009 in the Eastern District, all in which counsel Jennifer Tucek represented him for essentially the same claims such as the one made in this case, establishes that there does not exist a reasonable intention to visit to the hotel located in Long Beach, as Plaintiff has filed suit for similar violations in various counties within the State of New York. Similar to the plaintiff in *Laufer*, here, Plaintiff is also a serial ADA litigant, whose attorney of record, Jennifer Tucek, consistently brings repeated claims without ever intending to purchase any products or services from the Defendant; thereby testing the Constitutional requirement of a case and controversy. *See* a copy of Plaintiff's prior actions filed in the Eastern District, annexed hereto as **Exhibit B**.

Accordingly, Defendant respectfully requests that the Court dismiss this action in its entirety as Plaintiff lacks standing.

## IV. PLAINTIFF'S CLAIM IS MOOT BECAUSE DEFENDANT DOES NOT OWN, OPERATE OR MAINTAIN A WEBSITE.

A court lacks subject matter jurisdiction in a case brought pursuant to Title III of the ADA if the alleged discriminatory conduct is moot because in that event, there is no longer any case or controversy under Article III. A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). The Eastern District of New York have also ruled that Defendants who voluntarily remedied the accessibility barriers of the website that is at issue renders Plaintiff's claim under the ADA moot. *Diaz v. Lobel's of N.Y., LLC*, 2019 U.S. Dist. LEXIS 127126, No. 16-CV-6349 (E.D.N.Y. July 30, 2019). Title III of the ADA allows only for injunctive relief, not monetary damages; thus, under certain circumstances, the Eastern District has ruled that a claim under the ADA can become moot if a defendant remedies the access barrier during the pendency of the litigation. *Bacon v. Walgreen Co.*, 91 F.Supp.3d 446, 451 (E.D.N.Y 2015). The Second Circuit applies a two-part test to determine whether a defendant's voluntary cessation has rendered a case moot. The defendant must demonstrate that: "(1) there is no reasonable expectation that the alleged violation will recur; and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996).

Here, the court lacks subject matter jurisdiction in this action because Defendant 405 HOTEL, LLC, does not own, operate, or maintain the website at issue. As a result, there exists no case or controversy under Article III for the parties to have a legally cognizable interest in the

outcome. Notably, in this instance, Plaintiff's counsel, Jennifer Tucek, admittedly conceded on numerous occasions that the website in question was remedied and brought into compliance. *See* Ms. Tucek's letter to the court dated May 19, 2020, filed as ECF Document No.: 25. Accordingly, as the violations that Plaintiff complains of are now remedied, as per Ms. Tucek's admission, the action is moot, there is no subject matter jurisdiction and the case should be dismissed in its entirety.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that Defendant's Motion to Dismiss be granted in its entirety, and for such other further relief as this Court deems just and proper.

Dated: Garden City, New York
July 22, 2020

Respectfully submitted,

/s/ *Susan N. Persaud*
LAW OFFICE OF SUSAN N. PERSAUD, PLLC
By: Susan N. Persaud, Esq.
*Attorney for Defendant*
320 Old Country Road, Suite 202
Garden City, NY 11530
(516) 414-4911

**To: (VIA ECF)**
Jennifer E. Tucek, Esq.
LAW OFFICE OF JENNIFER E. TUCEK, P.C.
Attorney for Plaintiff
315 Madison Avenue, Suite 3054
New York, NY 10017