UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAVIER MONGE,

                         Plaintiff,                      **REPORT AND**
                                                                       **RECOMMENDATION**
                                                                        19-CV-0451 (SJF) (ARL)
           -against-

405 HOTEL LLC,

                        Defendant.
------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the Court, on referral from District Judge Feuerstein, are Plaintiff Javier Monge's ("Plaintiff") motion to amend the complaint and 405 Hotel LLC's ("Defendant") motion to dismiss the original complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be granted, and Defendant's motion be denied.

## BACKGROUND

### I. Factual Background

       The following facts are drawn from Plaintiff's Original Complaint, unless otherwise noted, and are accepted as true for purposes of the instant motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

       Plaintiff's original complaint seeks injunctive relief, attorney's fees, and litigation costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and the ADA Accessibilities Guidelines ("ADAAG"), 28 C.F.R. Part 36. ECF No. 1. Plaintiff, Javier

Monge, suffers from cerebral palsy, is required to ambulate in a wheelchair, and has limited ability to grasp and squeeze with his hands.  Compl.  ¶ 8.  Plaintiff suffers from a "qualified disability" under the ADA.  *Id*. at ¶ 8.  In the original complaint, Defendant 405 Hotel LLC is alleged to own or operate a hotel known as the Long Beach Hotel located at 405 East Broadway Long Beach, NY (the "Hotel").  Plaintiff alleges that Defendant 405 Hotel LLC is a Limited Liability Company, authorized to conduct and conducting business in the State of New York, and is the owner and/or operator of the Hotel.  *Id*. at ¶ 9.  In the Proposed Amended Complaint ("PAC") attached to Plaintiff's motion to amend, Plaintiff alleges that Defendant 405 Hotel LLC is the fee owner of the real property and the building which houses the Hotel and proposed Defendant Long Beach Hotel Inc. is a corporation authorized to conduct business in New York, and the owner of the Hotel.  *See* PAC ¶¶ 9, 10.

The Hotel maintains a website at https://www.longbeachhotelny.com (the "Website").[1] Plaintiff alleges that through the Website, the Hotel describes various features and amenities available to Hotel guests. The Hotel also uses third party websites to advertise its features and amenities, and to accept reservations. These include Hotels.com, Travelocity.com, Orbitz.com, and others (the "Third Party Sites").  *Id*. at ¶ 1.  In the original complaint, Plaintiff alleges that Defendant 405 Hotel LLC has control over the content of the Website, and the Third Party Sites. *Id*. at ¶ 9.  In the PAC, Plaintiff alleges that Defendant Long Beach Hotel Inc. has control over the content of the Website, and Third Party Sites.  *See* PAC ¶¶ 9, 10.

Plaintiff further alleges that Plaintiff has visited the Website to learn about accessible features of the Hotel and to independently assess whether the Hotel is accessible to him, and

---

[1] The complaint identifies the website at issue as https://www.tlongbeachhotelny.com, which contains an obvious typographical error.  The correct website is identified above.

2

whether he could independently reserve an accessible room at the Hotel in the same manner as those seeking to reserve non-accessible rooms.  Upon his visit, Plaintiff discovered the Website does not comply with the ADA and ADAAG.  *Id*. at ¶ 20.  According to Plaintiff, the Website homepage says nothing about accessibility and at no point prior to completion of the booking process is any accessibility information provided.  *Id*. at ¶ 21.  Plaintiff was unable to discern the accessible features of rooms that would meet his needs.  *Id.* ¶¶ 23. Defendant's website did not provide Plaintiff with the opportunity to evaluate the suitability of common areas and the amenities Defendant provides to its guests.  *Id.* Indeed, Plaintiff provides an extensive list of information regarding accessibility missing from the Website, and further complains that the Website does not offer assurances that accessible rooms are blocked off for those requiring them.  *Id*. at ¶¶ 23, 25.  Finally, Plaintiff alleges that he "will visit the Website and the Third-Party Sites again, upon the Hotel's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features of the Hotel, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the Hotel meets his accessibility needs, and determine whether he can reserve an accessible guestroom."  *Id*. at ¶ 26.

Because the Website, in Plaintiff's view, is not compliant with the ADA and ADAAG and does not fully comply with 28 U.S.C. §36.302(e)(1) Plaintiff is seeking temporary and permanent injunctive relief.

**II.     Procedural History**

Plaintiff commenced this action on January 23, 2019.  ECF No. 1.  Defendant answered the Complaint on April 30, 2019.  ECF No. 8.  After a series of adjournments, some at Plaintiff's request, others at Defendant's request and some as a result of the Court's calendar, Judge

Feuerstein held a conference on May 21, 2020 at which time Defendant was granted permission to move to dismiss the Complaint, despite having previously filed an answer to the Complaint. ECF No. 27. On the same day, Plaintiff filed a motion to amend the Complaint. ECF No. 28. Ultimately, that motion was withdrawn and a new motion to amend the complaint, attaching the Proposed Amended Complaint was filed on July 30, 2020. ECF No. 43. Plaintiff seeks to amend the complaint to add Long Beach Hotel Inc. as a defendant, and, has agreed to drop all claims against defendant 405 Hotel LLC in the event the proposed defendant Long Beach Hotel Inc. admits ownership of the Hotel. *See* Affirmation of Jennifer Tucek in Support of Plaintiff's Motion for Leave o Amend the Complaint, dated June 29, 2020 ("Tucek Aff.") at ¶ 7. "The [PAC] does not add any new legal theories and is amended simply to add a new party." *Id.* at ¶ 15. Defendant opposes the motion to amend on the grounds "Defendants will be severely prejudiced in defending a frivolous action as Plaintiff's counsel conceded that the website was cured of its alleged violations; and the action is now moot. Further, there has been undue delay and bad faith on the part of Plaintiff and granting leave to amend would be futile." Defendant's Memorandum of Law in Opposition to Plaintiff's Motion To Amend The Complaint ("Def. Opp."). at 1.

Defendant's motion to dismiss the original complaint was filed on September 8, 2020. ECF No. 45. Defendant moves to dismiss the Complaint for "failure to state a claim upon which relief may be sought, standing, and for failure to name a necessary and proper party." Memorandum of Law in Support Of Defendant's Motion to Dismiss the Complaint Pursuant to FED. R. CIV. P. 12(b)(6) ("Def. Mem.") at 1. In support of its motion to dismiss, Defendant has submitted an Attorney Declaration in Support of Defendant's Motion To Dismiss, signed by

4

Susan Persaud, and dated July 22, 2020 ("Persaud Dec."). Attached to the declaration, *inter alia*, is the Declaration of David Kadosh, principal of 405 Hotel LLC, dated July 21, 2020 ("Kadosh Dec."). Plaintiff has opposed the motion and submits a lengthy declaration of counsel referring to numerous items outside of the complaint and attaching an Affidavit of Plaintiff Javier Monge ("Monge Aff.") providing additional factual support for his claim. *See* Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint ("Pl. Mem.").

By Order dated September 9, 2020, Judge Feuerstein referred the motion to dismiss to the undersigned for a Report and Recommendation.[2]

## DISCUSSION

### I.  Standard of Law

#### A.  Motion to Dismiss Pursuant to Rule 12(b)(6)

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it

---

[2] Pursuant to Rule 4.H of Judge Feuerstein's individual rules all motions to amend the pleadings are automatically referred to the assigned magistrate.

5

asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

### B. Motion to Amend

Under Rule 15(a), a party may amend its pleading once as a matter of right within 21 days after serving it, or 21 days after service of an answer or motion to dismiss, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B). Here, Plaintiff's original complaint was served on January 28, 2019, Defendant answered the complaint on April 30, 2019, and Plaintiff did not serve the original motion to amend the complaint until May 21, 2020, well beyond the 21-day period, thus, permission of the Court is required to amend the complaint.

Rule 15(a) provides that in cases where a party cannot amend as a matter of course, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court "should freely give leave when justice so requires" and such leave is in the court's discretion. *Id.* As often noted by the Second Circuit, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Defendant argues that leave to amend should be denied because the proposed amendments are futile and Defendant will be prejudiced if Plaintiff's motion is granted. An amendment is futile if the proposed claim cannot withstand a motion to dismiss under Rule 12(b)(6). *See, e.g., Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

Thus, in deciding whether an amendment is futile, the Court uses "the same standard as those governing the adequacy of a filed pleading." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991).

The Court will turn first to the issue of standing, which impacts the Court's jurisdiction over Plaintiff's claim.

## II.     Standing Under Title III of the ADA

In its motion to dismiss, Defendant challenges Plaintiff's standing to bring this action.[3] The Court must first address whether Plaintiff has standing to bring this action before determining whether Plaintiff has stated a plausible claim for relief and before considering Plaintiff's motion to amend to add an additional defendant. *See Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 560 (S.D.N.Y. 2016) (noting that courts should consider jurisdictional issues such as standing first in a motion to dismiss analysis).

Article III requires federal courts to adjudicate actual cases and controversies. U.S. Const, art. Ill, § 2, cl. 1. To ensure that there is a case or controversy, the Supreme Court has

---

[3] Defendant challenges Plaintiff's standing to bring this ADA claim under Rule 12(b)(6), however, standing is more appropriately analyzed under Rule 12(b)(1). *See Girotto v. LXC Inc.,* No. 19 Civ. 2858 (KPF), 2020 U.S. Dist. LEXIS 107010, 2020 WL 3318275 (S.D.N.Y. June 19, 2020) ("Although Plaintiff styles his motion as one brought under Rule 12(b)(6), challenges to a party's standing to sue are more properly analyzed under Rule 12(b)(1), since they implicate the Court's subject matter jurisdiction"); *Disability Rights N.Y. v. N.Y. State,* No. 17-CV-6965, 2019 U.S. Dist. LEXIS 102609, *8, n.2, 2019 WL 2497907 (E.D.N.Y. June 14, 2019) (holding that a challenge to standing is more properly addressed as a Rule 12(b)(1) motion )*; All. for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.,* 436 F.3d 82, 88 n.6 (2d Cir. 2006) ("Although we have noted that standing challenges have sometimes been brought under Rule 12(b)(6), as well as Rule 12(b)(1), the proper procedural route is a motion under Rule 12(b)(1). The distinction is important because a typical dismissal under Rule 12(b)(6), i.e., for failure to state a claim, is an adjudication on the merits with preclusive effect[.] Presenting and considering a challenge to lack of Article III standing under Rule 12(b)(1) avoids the needs to fashion a modified approach to a Rule 12(b)(6) motion that concerns standing.") (citations omitted).

The distinction is critical here because the Court may consider affidavits for purposes of a motion brought pursuant to Rule 12(b)(1) and both parties have submitted declarations in support of their positions. *See A.B.-L. v. N. Shore Cent. Sch. Dist.*, No. 17-CV-1586 (JMA)(SIL), 2018 U.S. Dist. LEXIS 14185, 2018 WL 1773496 (E.D.N.Y. Jan. 26, 2018) (proper to consider affidavits in ruling on a motion under Rule 12(b)(1)); *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 231-32 (E.D.N.Y. 2003) ("In a Rule 12(b)(1) motion, the Court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question.").

held that parties before federal courts must have standing to bring their claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). A plaintiff has standing if she has suffered "(1) an injury that is (2) 'fairly traceable to a defendant's allegedly unlawful conduct' and that is (3) 'likely to be redressed by the requested relief.'" *Id*. 560 - 61 (quoting *Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984)). For the purposes of standing, an injury must be an injury in fact, meaning "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560 (citations and quotation marks omitted).

Where, as here, standing is challenged at the pleadings stage, a court must "accept as true all material allegations of the complaint, and, must construe the complaint in favor of the complaining party." *United States v. Vazquez*, 145 F.3d 74, 81 (2d Cir. 1998) (internal quotation marks omitted). "To survive the motion to dismiss, the pleadings must only 'allege facts that affirmatively and plausibly suggest that [Plaintiffs have] standing to sue.'" *Boelter v. Hearst Commc'n, Inc.*, 192 F. Supp. 3d 427, 437 (S.D.N.Y. 2016) (quoting *Amidax Trading Grp. v. S.W.I.F.T.*, 671 F.3d 140, 145 (2d Cir. 2011)). A plaintiff's "standing allegations need not be crafted with precise detail." *Baur v. Veneman*, 352 F.3d 625, 631 (2d Cir. 2003).

To establish standing in the context of the ADA, a plaintiff must demonstrate: "1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [property] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013). As recognized by the court in *Kreisler*, to satisfy the constitutional requirements of standing, "the injury in fact, . . . must be (a) concrete and particularized, and (b) actual or imminent." *Id*. When a plaintiff seeks injunctive relief, the plaintiff must also

8

demonstrate "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Grella v. Avis Budget Group, Inc.*, No. 14-CV-8273 (CM), 2016 U.S. Dist. LEXIS 19248, 2016 WL 638748, at *4 (S.D.N.Y. Feb. 11, 2016) (quoting *Shaywitz v. Am. Bd. Of Psych. And Neurology*, 675 F.Supp.2d 376, 382 (S.D.N.Y. 2009) (emphasis in original)).

A plaintiff complaining of injuries caused by alleged violations of the ADA "must still establish that such injuries were both concrete and particular to the plaintiff, and, must do so with sufficient specificity." *Feltzin v. 183 S. Wellwood Ave Corp.,* No. 16-cv-5387 (ADS)(GRB), 2017 U.S. Dist. LEXIS 181273, 2017 WL 6994213, at *2 (E.D.N.Y. Oct. 25, 2017) (citing *Lujan v. Defenders of Wildlife,* 504 U. S. 555, 560-561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)); *see Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) ("Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'"). "[T]he injury in fact that forms the basis for Plaintiff's standing has two parts: (1) the direct injury from personally encountering disability-based discrimination at Defendant's property, and (2) deterrence from using Defendant's property because it is not ADA compliant." *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.,* 458 F. Supp. 2d 160, 173 (S.D.N.Y. 2006).

Defendant argues that Plaintiff has failed to allege a concrete and particularized injury. Def. Mem. at 11-12. Defendant argues that "Plaintiff failed to plead that he had any intention to visit, that he had reason to seek accommodation, or that he was prevented from doing so. Plaintiff failed to plead an intended date or time which he intended to visit the hotel or a purpose for which he intended to visit the hotel. Defendant submits that Plaintiff lacked any reason or incentive to visit the hotel's website that he was browsing and was rather, searching for another possible lawsuit." Def. Mem. at 12.

To satisfy the first prong of the ADA standing test articulated in *Kreisler* — a necessity

9

for establishing injury in fact — an allegation of past injuries under the ADA "must still establish that such injuries were both concrete and particular to the plaintiff, and must do so with sufficient specificity." *183 S. Wellwood Ave Corp.*, 2017 U.S. Dist. LEXIS 181273, 2017 WL 6994213, at *2 (citing *Lujan*, 504 U.S. at 560); *Spokeo, Inc.*, 136 S. Ct. at 1548.  Indeed, "[c]ourts considering ADA claims have found that disabled plaintiffs who had encountered barriers [to access] . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, 2003 U.S. Dist. LEXIS 5145, 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003).  "Whether an ADA plaintiff intends to return to a place of accommodation is a fact-specific inquiry." *Laufer v. Laxmi & Sons, LLC,* 2020 U.S. Dist. LEXIS 79545, 2020 WL 2200207, at *2 (N.D.N.Y. May 6, 2020).  Accordingly, to "maintain an ADA cause of action seeking injunctive relief to prevent future injury, a plaintiff must allege facts giving rise to an inference that he will suffer future discrimination by the defendant."  *Shaywitz v. Am. Bd. of Psychiatry & Neurology*, 675 F. Supp. 2d 376, 382 (S.D.N.Y. 2009). Such threat of future injury must be "real and immediate," as opposed to "merely conjectural or hypothetical."  *Id*.

     Plaintiff argues that he has standing to bring this claim because he "alleges that he will visit Defendants' website again after the Defendant is compliant with the laws and regulations to learn about the accessible features of the hotel and determine if it is suitable for "his accessibility needs." PAC ¶ 28.  Standing alone, this allegation is insufficient to establish standing.  As recognized by the court in *Harty v. West Point Realty, Inc.,* 477 F. Supp. 3d 163, 168 (S.D.N.Y. 2020) plaintiff's "conclusory" allegation that " [i]n the near future, [he] intends to revisit Defendant's website[s] and/or online reservations system[s] in order to test if for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest

10

room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property" was insufficient to allow the reasonable inference that plaintiff intended to return to the websites to book a room or utilize defendant's service. *See also Laufer v. Looper*, No. 20-cv-02475-NYW, 2021 U.S. Dist. LEXIS 20267 (D. Co. Jan. 21, 2021) (Plaintiff lacked standing to pursue claim based upon conclusory allegation that she intended to visit website again in the future); *Guglielmo v. Neb. Furniture Mart, Inc.*, No. 19 Civ. 11197 (KPF), 2020 U.S. Dist. LEXIS 238707, 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020) (finding Plaintiff lacked standing because "Plaintiff alleges only that he is deterred 'on a regular basis' from equal access to the Website, and that if the Website were made equally accessible, he could navigate it for the purpose of making a purchase"); *Laufer v. Dove Hess Holdings, LLC*, No, 5:20-cv-00379 (BKS/ML) 2020 U.S. Dist. LEXIS 246614 (N.D.N.Y. Nov. 18, 2020) ("All of this case law suggests that, to allege an injury-in-fact for standing purposes, a plaintiff challenging a website's ADA violations must demonstrate that she had a purpose for using the website that the complained-of ADA violations frustrated, such that any injury is concrete and particularized to the plaintiff"). Just as in *Harty*, Plaintiff's conclusory allegation that he plans to revisit the Website once it is compliant for purposes of determining if it is suitable is insufficient to confer standing.

However, in response to Defendant's motion to dismiss for lack of standing, Plaintiff has submitted an affidavit setting forth additional facts not included in the Complaint. As noted above "[i]n a Rule 12(b)(1) motion, the Court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question." *Forbes v. State Univ. of New York at Stony Brook,* 259 F. Supp. 2d 227, 231-32 (E.D.N.Y. 2003). In his affidavit Plaintiff states:

- In the winter of 2018, my girlfriend and I began looking at hotels on the beach and other areas to plan a vacation over the spring and summer. I have always liked Long Beach since it has a fully accessible boardwalk,

11

- enabling me to take long "walks on the beach" so to speak. The other hotels in Long Beach are very expensive. We also looked at some hotels in Montauk, which I also like for a longer trip. My girlfriend was very interested in some other historic inns in Long Island that looked very romantic and nice for a long weekend; Monge Aff. ¶ 2

- The Long Beach Hotel is a perfect choice because it is not too expensive, is close to the boardwalk, and is close to lots of restaurants. Unfortunately, the website did not (and still does not) allow me to reserve an accessible room in the same manner as those seeking a regular room. It also did not (but now does to some extent) provide information regarding accessible and inaccessible features of the Hotel. Also, although the Hotel is listed on all the third-party sites, such as Hotels.com, no information whatsoever is provided regarding accessibility on those websites. I often like to look on those sites because you can get special deals. Monge Aff. ¶ 3

- I would like to stay at the Long Beach·Hotel and return every summer - my summer beach getaway, as I am fond of the area and it is not too far away or expensive. I have been searching for a place to stay regularly that provides the accessibility that I need. Monge Aff. ¶ 5

A "plausible intention or desire does not require a specific date for plaintiff's return to the . . . website. . . . Plaintiff's statements that he would return to the website in the future to assess whether he could make a reservation" are sufficient to confer standing. *Gonzalez v. Bahar*, No 19-CV-575 (LDH) (RER), 2019 U.S. Dist. LEXIS 58567 (E.D.N.Y. Apr. 3, 2019). In *Bernstein v. City of New York*, 621 F. App'x 56, 58-59 (2d Cir. 2015) the Second Circuit held that:

> Intent to return is a highly fact-sensitive inquiry that incorporates a range of factors including not only the proximity of the defendant's services, programs, or activities to the plaintiff's home and the frequency of the plaintiff's past visits, but also other factors relevant to the calculation of the plaintiff's intent to return such as occupation or demonstrated travel habits.

*Id*. at 59 (citing *Kreisler*, 731 F.3d at 187-88; *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (per curiam)).

The court in *Juscinska v. Paper Factory Hotel*, LLC, 18-cv-8201 (ALC), 2019 U.S. Dist. LEXIS 92550, 2019 WL 2343306 (S.D.N.Y. June 3, 2019) found allegations similar to those presented by Plaintiff regarding planning a vacation to the area sufficient to demonstrate

12

standing to pursue the claim. In *Juscinska,* Plaintiff alleged that she was planning a "stay-cation" and was unable to determine if she could book a suitable room at defendant's hotel. Similarly here, Plaintiff alleges he was planning a beach vacation, was interested in Long Beach because of the accessible boardwalk and was unable to determine if he could book a room at the Hotel because of a lack of information regarding accessibility on the Hotel Website. *See also Poschmann v. Coral Reef of Key Biscayne Developers*, *Inc.*, Case No. 17-cv-14363-Middlebrooks, 2018 U.S. Dist. LEXIS 87457, 2018 WL 3387679, at *3 (S.D. Fla. May 23, 2018) (finding plaintiff had standing to bring Section 36.302(e) claim where it was undisputed that plaintiff intended to return to defendant's hotel's website to "to reserve a room at the Hotel or to test the Hotel's Website reservation system for its compliance with the ADA")

Accordingly, the undersigned respectfully recommends that that the District Court find that Plaintiff has adequately alleged a "plausible intention or desire" to return to the Website because Plaintiff's affidavit provides the additional details needed, and, therefore, Plaintiff has standing to pursue this ADA claim.

### III. Failure to State A Claim – Naming Incorrect Party

Defendant moves to dismiss this action pursuant to Rule 12(b)(6) on the grounds that Plaintiff has incorrectly named 405 Hotel LLC as the defendant.

Plaintiff brings his claim under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . ." 42 U.S.C.A. § 12182. To state a claim under Title III of the ADA, a plaintiff must allege that (1) he is disabled within the meaning of the ADA; (2) defendants own, lease, or operate a place of public accommodation; and (3) defendants discriminated against him by denying him a full and equal opportunity to enjoy the services defendants provide. *Camarillo*

13

*v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); see 42 U.S.C. § 12182(a). Plaintiff cites to guidance on the ADA published by the Department of Justice ("DOJ"). 28 C.F.R. § 36.302(e)(1). Section (e)(1) pertains to reservations made by places of lodging. *Id.* Among other things, it states that a public accommodation that allows customers to make reservations must "[m]odify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms. 28 C.F.R. § 36.302(e)(1)(i). In addition, a public accommodation must:

> "[i]dentify and describe accessible features in the hotel and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to asses independently whether a given hotel or guest room meets his or her accessibility needs."

28 C.F.R. 36.302(e)(1)(ii). Courts have read Section 36.302(e)(1) to ensure that individuals with disabilities have the opportunity to "reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guest rooms." *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, 2018 U.S. Dist. LEXIS 87457, 2018 WL 3387679, *4 (S.D. FL May 22, 2018)

Here, Defendant argues that defendant does not own, lease, or operate a place of public accommodation as required by the ADA. At issue in this action it the ownership of the Website challenged by Plaintiff. It is unclear from Defendant's motion whether it is challenging the complaint because of the obvious typographical error in the identification of the Website, or because Defendant truly does not have control over the Website.[4] In either event, Plaintiff's

---

[4] The Court would be reluctant to dismiss the complaint on the basis of such an obvious typographical error. *See, e.g., Vance v. State Dep't of Corr. & Cmty. Supervision,* No. 9:18-CV-748 (BKS/ATB), 2020 U.S. Dist. LEXIS 226375,*9 , 2020 WL 7481585 (N.D.N.Y. Nov. 30, 2020)(" this court will not recommend dismissing a pro se plaintiff's claim based on a single typographical error, considering that the complaint otherwise sufficiently apprises defendants of the nature of the cause of action asserted against" defendant); *Board of Trustees v. Oao,* 811 F. Supp. 2d 853, 858 n. 2 (S.D.N.Y. 2011) (declining to dismiss the complaint on the basis of "an obvious typographical

14

pending motion to amend the complaint directly impacts any analysis of Defendant's motion to dismiss on this ground, and therefore the undersigned respectfully recommends that Defendant's motion to dismiss on the basis of a lack of ownership be denied, with leave to refile, if appropriate, after the filing of Plaintiff's amended complaint.

### IV. Failure to State a Claim – Mootness

In its opening memorandum, Defendant argues that Plaintiff's claim is moot because Defendant does not own, operate, or maintain the Website and because Plaintiff's counsel conceded on numerous occasions that the Website was remedied and brought into compliance. Def. Mem. at 13-14. Defendant's reply memorandum is limited to a discussion of Plaintiff's concession that the Website is in compliance with the ADA. Def. Reply at 16-17. Because, as discussed above, Defendant's claim that it does not own the Website is a question which cannot be resolved on the instant motion to dismiss the Court will not address this position, and will only consider Defendant's argument that Plaintiff's claim is mooted because of Plaintiff's concession that the Website has been corrected.

Since Title III of the ADA allows only for injunctive relief, not monetary damages, a claim under the ADA can become moot if a defendant remedies the access barrier during the pendency of the litigation. *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015) (citing *Brief v. Albert Einstein College of Medicine*, 423 Fed. Appx. 88, 90 (2d Cir. 2011)). To establish mootness by remedial action, the defendant must demonstrate that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010); *see also Fed. Defs. of N.Y. v.*

---

error," where plaintiff cited to the wrong date but the pleading and subsequent filings otherwise clearly define the period in question).

15

*Fed. Bureau of Prisons*, 954 F.3d 118, 126 (2d Cir. 2020) ("Defendants, however, 'cannot automatically moot [this] case simply by ending [their] unlawful conduct once sued. . . . Instead, they must show that "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.") (citations omitted); *Diaz v. Lobel's of N.Y., LLC*, No. 16-CV-6349 (NGG) (SMG), 2019 U.S. Dist. LEXIS 127126, 2019 WL 3429774 (E.D.N.Y. July 30, 2019) ("the party asserting mootness bears a 'heavy burden' in meeting this standard").

Defendant's position that Plaintiff's counsel admits that the issues with the Website identified by Plaintiff have been remedied is not supported by the record. The letter cited by Defendant (ECF No. 25) plainly states "If Defendant will simply agree to implement items c and d and agree to maintain the changes and policies in items a –d while the hotel remains in business, the matter will be settled." There is no indication Defendant has made such a representation.

Moreover, even if Plaintiff had conceded all necessary changes had been made dismissal of Plaintiff's action would not be warranted. "The 'voluntary cessation of challenged conduct does not ordinarily render a case moot.'" *Walters v. Simply Skinny Ties, LLC*, No. 6:20-CV-1026 2020 U.S. Dist. LEXIS 231047, *10 2020 WL 7248346 (W.D.N.Y. Dec. 9, 2020) (quoting *Knox v. Serv. Emp. Int'l Union, Local 1000*, 567 U.S. 298, 307, 132 S. Ct. 2277, 183 L. Ed. 2d 281 (2012). "A voluntary change of conduct only renders a case moot if the defendant can demonstrate that '(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Id.* (quoting *Dark Storm Indus., LLC, v. Cuomo*, No. 20-CV-360, 2020 U.S. Dist. LEXIS 120514, 2020 WL 3833107, at *7 (N.D.N.Y. July 8, 2020). Defendant has not done so.

Thus, Defendant has not met the heavy burden of demonstrating that the claim is moot, and, therefore, the undersigned respectfully recommends that its motion to dismiss on the basis

of mootness be denied.

### V. Plaintiff's Motion to Amend

Plaintiff has moved to amend the Complaint to add an additional defendant – Long Beach Hotel, Inc.  Defendant 405 Hotel LLC opposes the motion, arguing that it will be prejudiced by the amendment, Plaintiff's delayed in seeking to amend and the proposed amendment would be futile.  Def. Opp. at 4.  As discussed above, Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party...[or] futility of the amendment' will serve to prevent an amendment prior to trial." *Metropolitan Steel Indus., Inc. v. Graphics for Steel Structures, Inc.,* No. CV 09-2291 (SJF)(ARL), 2010 U.S. Dist. LEXIS 139757, 2010 WL 5583038, at *2 (E.D.N.Y. Dec. 7, 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227, 230 (1962)).

Here, Defendant argues that it will be prejudiced if Plaintiff's motion is granted because Defendant has spent more than a year defending the instant action and will continue to incur legal costs and attorney's fees in defense of this "frivolous and moot action" if the amendment is allowed.  Def. Opp. at 6.  "For the purposes of determining whether leave to amend shall be denied due to prejudice to the nonmoving party, courts consider whether the amendment seeks to add a new claim derived from a different set of facts of which the original complaint did not provide adequate notice, . . . whether the amendment would significantly delay the resolution of the dispute, or whether the amendment or defenses would require the opponent to expend significant additional resources to conduct discovery and prepare for trial." *Hamilton Ins. Co. v. Anthony Bross, Inc.,* No. 19 CV 01344, 2020 U.S. Dist. LEXIS 195617, 2020 WL 6149680, at *3 (E.D.N.Y. Sept. 30, 2020) (internal quotation and citations omitted).  "When the plaintiff

17

seeks to amend the complaint in order to add a new defendant, the same standard applies." *Id.* The party opposing an amendment has the burden of proving that leave to amend would be prejudicial. *See Blaskiewicz v. Cnty. of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998).

Here, discovery has not yet begun, no new claims are asserted and the amendment would not delay the proceedings, thus Defendant will not be prejudiced by the amendment. Defendant's only concrete claim of prejudice is that additional attorney's fees may be incurred, however, additional costs and attorney's fees do not support a claim of prejudice. *See, e.g., Block v. First Blood Associates,* 988 F.2d 344, 351 (2d Cir. 1993) (In determining whether parties were prejudiced, we note that "time, effort, and money" expended in litigation "do not arise to the substantial prejudice" that would justify denial of leave to amend.); *Adams v. Gould, Inc.,* 739 F.2d 858, 869 (3d Cir. 1984) (where party's opposition to motion to amend asserted that additional attorney's fees would be incurred and that allowing amendment would delay case, Court found that non-movant did not demonstrate particular prejudice warranting denial of motion). Defendant has failed to demonstrate prejudice.

Additionally, Defendant argues that Plaintiff unduly delayed in commencing the action against the Long Beach Hotel, Inc. – the proposed new defendant. Def. Opp. at 7. The Court finds that there has been no undue delay. Although over a year has elapsed between the commencement of this lawsuit and the filing of the instant motion, the parties were engaged throughout that year in settlement negotiations; the Defendant needed to find replacement counsel; and certain delays were brought about by the current health crisis. These delays resulted in the repeated postponement of the Court's initial conference and the start of discovery. Plaintiff filed the initial motion to amend the same day as the initial conference, which was withdrawn for procedural reasons, and promptly refiled in accordance with the briefing schedule set by Judge Feuerstein.

Moreover, it is well-settled that "amendments seeking to insert or correct matters about which parties should have known but did not know are plainly within the scope of Rule 15(a)." *Hanlin v. Mitchelson*, 794 F.2d 834, 841(2d Cir. 1986). Defendant can hardly claim surprise by the motion to amend since the principal of the current defendant and the proposed new defendant are identical and have engaged in discussions with Plaintiff's counsel regarding the Website and Plaintiff raised the issue of ownership with the Court and Defendant. Pl. Reply at 7.

Furthermore, delay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Thus, even if the Plaintiff had known that Long Beach Hotel Inc. should have been named as a defendant in the original complaint, absent bad faith or prejudice to the Defendants, it would not constitute grounds for denying the motion to amend. *See Duling v. Gristede's Operating Corp.,* 265 F.R.D. 91, 99 (S.D.N.Y. 2010) ("Although defendants appear to be correct that plaintiffs' counsel was aware of [the party to be added's] potential role since early 2005, defendants do not explain how this delay prejudices them [and] [b]ecause delay alone is insufficient to deny a motion to amend, . . . [and] defendants have not demonstrated any prejudice, plaintiffs' delay in seeking to add [the new defendant] is not a sufficient basis to deny plaintiffs' motion [to amend]."). Because as discussed above, the Court does not find that Defendant will be prejudiced by the amendment and Defendant has not demonstrated that Plaintiff has acted in bad faith, no undue delay has been caused by Plaintiff.

Finally, Defendant argues that allowing Plaintiff's proposed amendment would be futile because the claims asserted therein are moot. Def. Opp. at 7. As discussed above, Plaintiff's claims are not moot, and therefore the proposed amendment would not futile.

Accordingly, since the proposed amendment is not futile, will not unduly delay the proceedings and will not prejudice Defendants, the undersigned respectfully recommends that

19

Plaintiff's motion to amend be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the 14-day period for filing objections. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 24, 2021

                                                                                          /s/
                                              ARLENE R. LINDSAY
                                              United States Magistrate Judge