UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAVIER MONGE,

                Plaintiff,

                                                 **ORDER**
    -against-                                19-CV-451 (SJF)(ARL)

405 HOTEL LLC,

                Defendant.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendations of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated February 24, 2021 ("the Report"), (1) recommending that the motion of plaintiff Javier Monge ("plaintiff") to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure be granted and that the motion of defendant 405 Hotel LLC ("defendant") to dismiss plaintiff's claims in the original complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied; and (2) advising, *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of th[e] Report . . . to file written objections," and (b) that "[f]ailure to file objections within this period waives the right to appeal the District Court's Order." (Report at 20) (citing 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). Although a copy of the Report was served upon all parties via ECF on February 24, 2021, (*see* Docket Entry 46), no party has filed any timely objections to the Report, nor sought an extension of time to do so. For the reasons set forth below, the Report is accepted in its entirety.

1

I.	Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is non-jurisdictional and, thus, the Court may excuse a violation thereof "in the interests of justice." *Neita v. Precision Pipeline Sols.*, 768 F. App'x 12, 14 (2d Cir. Apr. 29, 2019) (summary order) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *see also Isigi v. Dorvilier*, 795 F. App'x 31, 34 (2d Cir. Dec. 19, 2019)

(summary order) ("While we have discretion to excuse a failure to object 'in the interests of justice,' we will ordinarily not exercise that discretion unless 'the magistrate judge [has] committed plain error.'" (brackets in original)).

II.     Review of Report

Since neither party has filed any timely objections to the Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. As the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety.

III.    Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure is granted, *provided* plaintiff serve and file the amended complaint **by no later than April 16, 2021**, or he will be deemed to have waived his right to file an amended complaint; and defendant's motion to dismiss plaintiff's claims against it in the original complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied in its entirety.

SO ORDERED.

                                                      _/s/_____
                                                  SANDRA J. FEUERSTEIN
                                                  United States District Judge

Dated:  March 15, 2021
        Central Islip, New York